Case 2:16-cr-14059-DMM   Document 70   Entered on FLSD Docket 07/16/2018   Page 1 of 10
Case: 17-12528   Date Filed: 07/16/2018   Page: 1 of 2

FILED BY HH

Jul 16, 2018

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 16, 2018

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 17-12528-JJ
Case Style: USA v. Matthew Hawks
District Court Docket No: 2:16-cr-14059-DMM-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 17-12528

_____

District Court Docket No.
2:16-cr-14059-DMM-1

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

versus

MATTHEW VAUGHN HAWKS,

                          Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 20, 2018
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

**ISSUED AS MANDATE 07/16/2018**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12528
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-14059-DMM-1

UNITED STATES OF AMERICA,

                                                                                   Plaintiff - Appellee,

versus

MATTHEW VAUGHN HAWKS,

                                                                                 Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 20, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Matthew Hawks pled guilty to using facilities of interstate commerce to produce visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and (e), and to possessing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). He was sentenced to 360 months' imprisonment.[1] Hawks contends his sentence is both procedurally and substantively unreasonable. After review, we affirm.

## I. PROCEDURAL REASONABLENESS

Hawks contends the district court made three erroneous findings of fact that, in turn, "resulted in the court's improper weighing of the sentencing factors." *See Gall v. United States*, 552 U.S. 38, 41 (2007) (recognizing that "selecting a sentence based on clearly erroneous facts" is procedural error). But the parties disagree, at the threshold, about the appropriate standard of review. Hawks urges de novo review, while the Government presses plain error review.

We agree with the Government. Hawks's counsel "object[ed] to the reasonableness of the sentence." But the incantation of "reasonableness" does not preserve any and all potential procedural reasonableness objections for appellate review. To preserve his objection for appeal, Hawks was required to "raise that

---

[1] The district court imposed a separate sentence of 360 months as to each of the first three counts and ordered the sentences to run concurrently. The district court also imposed a single 120 month sentence as to another count, to run concurrently as well. For ease of reading, we refer to the sentence as a single sentence to 360 months' imprisonment.

2

point in such clear and simple language" as would "inform the district court of the legal basis for the objection." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). Although, a party is not required to "repeat objections made during the course of sentencing proceedings following the imposition of sentence" or "to reargue a general objection made after sentencing if the argument in support of that objection has previously been presented . . . and the reasons for the objection remain clear after the sentence is pronounced," neither caveat applies here. *United States v. Maurice*, 69 F.3d 1553, 1557 (11th Cir. 1995). Nowhere in the record did Hawks's counsel object to the district court's understanding of the facts. Therefore, plain error review is appropriate. Under the plain error standard, we examine whether there is an error, that is plain, and that has affected Hawks's substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Error does not affect substantial rights unless it impacts the outcome of district court proceedings. *Id*. (quotations omitted).

We begin with the first two factual findings Hawks mentions, neither of which is plainly erroneous. Dr. Daniel Tucker, who is employed at the University of Florida, Shands Hospital, examined Hawks in 2014 and diagnosed him with several disorders. Shands produced several progress reports in addition to Dr. Tucker's diagnosis. One progress report recounts a conversation between Dr. Tucker and Hawks's father concerning Hawks's discharge from treatment. During

3

the conversation, Dr. Tucker expressed concern that Hawks "was a menace to society" and may be "an antisocial sexual predator." After discussing a different diagnostic report, the district court recounted Dr. Tucker's estimation of Hawks at sentencing, stating: "[T]he treatment at Shands—the doctor there indicated that Mr. Hawks may be a sexual predator. Those reports all provide reason for concern."

Hawks contends crediting Dr. Tucker's statements was error because they were not made in the context of an official diagnosis. Specifically, Dr. Tucker's statements "were not part of a medical/psychological report" and were not "based on any testing conducted by Dr. Tucker." Hawks's contentions are unavailing. First, the district court's use of the term "report" is consistent with the Pre-Sentence Investigation Report (PSI), which refers to the document as a "progress report." Additionally, although they are not diagnoses, the progress reports clearly relate to the course of Hawks's treatment—the documents issued from the hospital where Hawks received care and include statements by his physician. Finally, Hawks did not object to the statements' inclusion in the PSI. Therefore, Hawks has not shown the district court committed plain error by considering Dr. Tucker's statements.

Next, Hawks asserts the district court "erroneously failed to review or weigh letters from other health care or special needs professionals from Illinois." The

4

district court recalled reading "letters" submitted to it. (Emphasis added). Although the court did not specify each letter it had reviewed, the record does not indicate that any letters other than those Hawks submitted on his own behalf were provided to the district court. Thus, there is no evidence that the court plainly erred by failing to consider evidence submitted by the other health care and special needs professionals.

Third, Hawks claims the district court erroneously determined that Dr. Pollack concluded Hawks was effectively untreatable. Hawks is correct that the district court's conclusion was erroneous and that the error is plain. Dr. Pollack stated that, while medication alone would not be effective, Hawks required "an intensive training program" in order to perform in social situations. The district court, referring to Dr. Pollack's report, incorrectly stated: "[D]octors have said they don't think medications and therapy are likely to be effective, given his circumstances."

But pointing out a plainly erroneous fact is not sufficient. Hawks must show the district court's plain error affected his substantial rights, which "almost always requires that the error must have affected the outcome of the district court proceedings." *United States v. Flanders*, 752 F.3d 1317, 1333 (11th Cir. 2014) (quotation omitted). Hawks has not made the required showing. The district court explicitly considered several factors aside from Dr. Pollack's report that supported

the district court's emphasis on the need to protect society, including: Hawks's manipulative and deceitful behavior while chatting with his victims, his ability to violate his probation even while under strict supervision, his attempts to directly contact other young girls, and Dr. Tucker's opinion that Hawks was a danger to society. Given these other factors, Hawks has not shown the district court's erroneous understanding of Dr. Pollack's report affected the outcome of the sentencing.

## II.  SUBSTANTIVE REASONABLENESS

Once we determine that a sentence is procedurally sound, we must examine whether the sentence is substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51 (2007). The party who challenges a sentence's substantive reasonableness bears the burden of showing it is unreasonable in light of the record and § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We vacate if left with the "firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). However, "[w]e are not often left with [that] definite and firm conviction because, as we have explained, our examination of the sentence is made through the prism of abuse of discretion." *Id.* (quotation omitted).

Hawks asserts the district court, in weighing the sentencing factors, failed to consider "significant mitigating circumstances." More specifically, Hawks contends the district court failed to give due consideration to his mental limitations and "the opinions of health care and special needs professionals" who believed Hawks was "not a danger to the community."[2]

Hawks has not shown his sentence is substantively unreasonable. The district court considered Hawks's diminished capacity, stating: "It is clear Mr. Hawks has diminished capacity and has had serious issues since he was quite young and has been evaluated a number of times." The district court also acknowledged the mitigating impact of this fact—immediately before addressing Hawks's limitations the district court reflected, "I find the sentencing in this case to be very, very difficult." The record contains evidence, which the district court was entitled to credit, that cast doubt on representations that Hawks was not a danger to the community. Tesa Sansbury, one of the medical professionals who evaluated Hawks, determined that he required 24-hour supervision in order to ensure he did not come into questionable contact with minors. The record also showed that Hawks demonstrated predatory and manipulative behavior in his chats

---

[2] Hawks also re-asserts his argument that the district court's erroneous factual conclusions led to an improper weighing of the § 3553(a) factors. As discussed above, this argument is subject to plain error review and fails because Hawks has not demonstrated an impact on his substantial rights.

7

with young women, and circumvented the restrictions of his probation by accessing the internet to target young girls in chatrooms.

Finally, Hawks asserts his sentence is substantively unreasonable because other, graver offenders with mental limitations have received less harsh sentences. This argument, too, is unavailing. Hawks's sentence of 360 months' imprisonment is below the guidelines range of 1,200 months. After considering all the factors, the district court varied downward by 840 months. The district court also ruled that the 30 year sentence it was imposing would run concurrently with a 10-year sentence Hawks was already serving. Comparison with the cases Hawks cites does not leave us with a "firm conviction" that the district court clearly erred in imposing his below-guidelines sentence.

Hawks has not shown his sentence is substantively or procedurally unreasonable. Accordingly, we affirm Hawks's sentence.

**AFFIRMED.**